UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARA WORTHINGTON,

       Plaintiff,                      Case No. 13-10249
                                               HON. GERSHWIN A. DRAIN

vs.

BRIGHTON FORD, INC.,
a domestic corporation,

       Defendant.

_____/

ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO COMPEL
PLAINTIFF'S INDEPENDENT MEDICAL EVALUATION [#19]

**I.    INTRODUCTION**

Presently before the court is Defendant's Motion to Compel Plaintiff's Independent Medical Evaluation, filed on May 16, 2013. Specifically, Defendant requests this Court, pursuant to Federal Rules of Civil Procedure 35, to order Plaintiff to submit to a mental examination on the basis that she put her mental condition in controversy. Plaintiff filed a Response on May 31, 2013 opposing the Motion, stating that her mental condition was not put in controversy. Defendant filed a reply brief on June 7, 2013. The Court has ordered resolution of this matter pursuant to E.D. Mich.L.R. 7.1(f)(2) as oral argument will not assist in the resolution of Defendant's motion. For the reasons that follow, Defendant's Motion is DENIED WITHOUT PREJUDICE.

-1-

## II.    LAW AND ANALYSIS

Federal Rule of Civil Procedure 35 provides that a court may, "order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." FED. R. CIV. P. 35.  There must be "good cause" for this motion.  *Id.*  The moving party must demonstrate both the existence of the "in controversy" and "good cause" element.  *Id.* at 118-19. The inclusion of the "good cause" element means that a greater showing is required than just the mental condition is relevant and "mere conclusory allegations of the pleadings" are insufficient. *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964).

Defendant's Motion is premature.  At this early stage of the proceeding, with only the allegations set forth in the Complaint, the Court cannot determine whether Plaintiff's mental condition is in controversy.  Defendant correctly notes that Plaintiff's allegations are similar to those made in *Green v. Michigan Dep't of Natural Res.*, No. 08-14316, 2009 WL 1883532 (E.D. Mich. June 30, 2009), where the court granted the defendant's motion to compel an independent medical examination.  However, there are several important differences with *Green*.  The mental suffering in that case was described in greater detail and was more severe as that plaintiff alleged "physical manifestations." *Green*, 2009 WL 1883532, at *3.  Also, the Court in *Green* had an affidavit from the plaintiff before it while this Court only has the Complaint.  *Id.* at *2.  Finally, the parties in *Green* had only a month left to complete discovery, whereas discovery in this case does not close until September 15, 2013. *Id.* at *3.  With ample discovery time, it is possible Defendant will be able to obtain information regarding Plaintiff's mental condition from other sources and

"[t]he ability of the movant to obtain the desired information by other means is also relevant." *Schlagenhauf*, 379 U.S. at 118.

Additionally, Defendant has not demonstrated good cause to order the examination of Plaintiff at this time. Defendant argues it has good cause because the examination is necessary to adequately defend against Plaintiff's allegations. The good cause inquiry is not a mere formality. *Id.* As such, it cannot be satisfied by a general statement that the examination is necessary to defend against a claim. Defendant must provide additional information as to why this examination is necessary at this point in the proceeding and what exactly Defendant hopes to learn from the examination. Finally, Defendant should also offer some reason for ordering the examination to occur outside of this district, more than 100 miles from where Plaintiff resides. The request for the examination to occur in Grand Rapids, Michigan is puzzling as this does not appear to be a convenient location for any of the parties involved. As far as this Court is aware, there are plenty of competent medical professionals able to perform the investigation within the Eastern District of Michigan.

Defendant's Motion will be denied without prejudice. If further discovery demonstrates the need for an independent medical examination, the Court will consider Defendant's request if proper support is provided. However, it should be noted that, without a compelling reason, the Court will be reluctant to order Plaintiff to travel to Grand Rapids as such a distance appears unreasonable and unduly burdensome.

### III.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel Plaintiff's Independent Medical Evaluation [#57] is DENIED WITHOUT PREJUDICE.

SO ORDERED.

Dated: June 12, 2013

             S/Gershwin A. Drain
             GERSHWIN A. DRAIN
             UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 12, 2013, by electronic and/or ordinary mail.

S/Tanya Bankston
Deputy Clerk