UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARA WORTHINGTON,

              Plaintiff,                        Case No. 13-cv-10249
                                                  HON. GERSHWIN A. DRAIN

vs.


BRIGHTON FORD, INC.,

              Defendant.

_____/

### ORDER DENYING MOTION FOR RECONSIDERATION [#55] AND DENYING AMENDED JOINT MOTION FOR STAY [#57] AND FINDING JOINT MOTION TO STAY [#56] MOOT

      Presently before the Court is Defendant's Motion for Reconsideration, filed on February 25, 2014. Also, before the Court is the parties' Amended Joint Motion to Stay, which was also filed on February 25, 2014. For the reasons that follow, the Court will deny both motions.

      On February 12, 2014, this Court entered an Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment. The Court's Order found in favor of the Defendant with respect to Plaintiff's Title VII hostile work environment claims, but found there were questions of fact as to Plaintiff's Title VII retaliation claims. Defendant now moves for reconsideration of the Court's February 12, 2014 decision.

      Local Rule 7.1(g)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

      [M]otions for rehearing or reconsideration which merely present the same issues ruled upon by the court, either expressly or by reasonable implication, shall not be

-1-

granted.  The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. L.R. 7.1(g)(3).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'"  *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).  "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not."  *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

Contrary to Defendant's argument, this Court did not commit palpable error when it concluded that Defendant was not entitled to judgment in its favor on Plaintiff's retaliation claims. Defendant re-raises the same arguments already considered and rejected by this Court, namely that Plaintiff has offered nothing but circumstantial evidence and speculation in support of her retaliation claim.  "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not."  *Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d at 637.  As such, the Court denies Defendant's Motion for Reconsideration.

Turning to the parties' Amended Joint Motion to Stay, the Court finds that a stay is unnecessary since the crux of the parties' arguments rely on the outstanding Motion for Reconsideration.  As such, there is no need to stay this matter since the Court concludes that Defendant is not entitled to the relief sought in its Motion for Reconsideration.  However, because counsel for Defendant is lead counsel in a case with trial set to commence on March 18, 2014, the Court will adjourn the March 18, 2014 Final Pretrial Conference and hearing on Defendant's Motion

-2-

to Exclude Testimony to another date and time.

Accordingly, for the reasons stated above, Defendant's Motion for Reconsideration [#55] is DENIED. The parties' Joint Amended Motion to Stay [#57] is DENIED.  The parties' Joint Motion to Stay [#56] is MOOT.

The Final Pretrial Conference shall be held on March 25, 2014 at 2:00 p.m.  A hearing on Defendant's Motion to Exclude Testimony [#51] shall be held on March 25, 2014 at 2:00 p.m.  The parties shall submit their Proposed Joint Final Pretrial Order no later than March 21, 2014.  Trial shall commence on April 1, 2014 at 9:00 a.m.

SO ORDERED.


Dated: March 3, 2014                                    /s/Gershwin A Drain
                                                       GERSHWIN A. DRAIN
                                                       U.S. DISTRICT JUDGE